3005889-DJC/DAJ/MWH

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EXXONMOBIL OIL CORPORATION,<br>A New York Corporation,<br>Plaintiff,<br>v.<br><br>AMEX CONSTRUCTION CO., INC.,<br>An Indiana Corporation,<br>Defendant/Third-Party Plaintiff,<br>v.<br><br>ISCO INDUSTRIES, LLC, a Kentucky limited liability company, and AMBITECH ENGINEERING CORPORATION, an Illinois corporation,<br>Third-Party Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br>No.: 07 CV 4278<br><br>Judge Kendall<br>Magistrate Judge Schenkier |

**AMEX'S RESPONSE TO ISCO'S MOTION TO STRIKE THE TESTIMONY OF AMEX'S EXPERT, DR. NICHOLAS BIERY**

**NOW COMES** the Defendant, AMEX CONSTRUCTION COMPANY, INC., an Illinois corporation, ("Amex"), by and through its attorneys, SMITHAMUNDSEN LLC, and, for its Response to ISCO Industries, LLC's ("ISCO"), Motion to Strike the Testimony of Amex's Expert, Dr. Nicholas Biery, states as follows:

## BACKGROUND

In ISCO's Motion to Strike the Testimony of Amex Expert Nicholas Biery, ISCO asserts that Dr. Biery's following opinions should be prohibited from presentation to the jury because they are improper under Federal Rule of Evidence 702:

1. ISCO provided guidance regarding pressure capacity and wall thickness that did not match the requirements of ASME B31.3; and

2. ISCO provided and is also responsible for the inadequacies and deficiencies of the Bonding Procedure Specification, training for the Amex bonding operators, and qualification of the Amex bonding operators.

(See a copy of ISCO's Motion attached hereto as Exhibit A, p. 4).

In support of the arguments asserted in ISCO's Motion, ISCO correctly cited as the governing rules of law the five factor test outlined by the Supreme Court in *Daubert* and the three factor test as identified in Federal Rule of Evidence 702, but then proceeded to incorrectly evaluate the facts at issue in this case under those tests. *Id.* at 2. Namely, ISCO summarized portions of Dr. Biery's deposition testimony indicating he does not have expertise in the fusion of HDPE pipe, and then wrongfully concluded that because Dr. Biery does not have expertise in the fusion of HDPE pipe, he is not qualified to testify as to matters concerning HDPE pipe. *Id.*

Dr. Biery does not maintain that he is an expert in fusing HDPE pipe, and has made it clear that his opinions as to ISCO are based on his experience and knowledge of pipelines and pipeline codes, his ability to read and interpret the codes applicable to this Project, his ability to review and understand the voluminous documentation regarding the temporary HDPE piping project at ExxonMobil's Joliet Refinery, and his ability to understand of the fundamentals of materials science and engineering. (See Dr. Biery's Report attached hereto as Exhibit B). Additionally, ISCO's Motion fails to mention Dr. Biery's Report (the "Report"), which explains, in detail, the facts, data, deposition testimony, codes, mathematical computations, and universally accepted engineering formulas and principles relied upon by Dr. Biery in formulating his opinions. *Id.*

Further, ISCO asserts and relies upon the following inaccurate statements in its Motion, all of which should be stricken from the Motion for lack of testimonial or other support:

1. [Dr. Biery] reported only two opinions about ISCO, both of which he essentially withdrew at his deposition;

2. [Dr. Biery's opinion that ISCO provided guidance regarding pressure capacity and wall thickness did not match the requirements of AMSE B31.3] fails because Dr. Biery said it would only apply if ISCO had knowledge that this HDPE project was governed by the requirements of ASME B31.3, which is knowledge that ISCO didn't have; and

3. Biery essentially testified that he is totally incompetent to testify as an expert against ISCO, and conceded that his opinions against ISCO are without any scientific or even factual foundation.

(*Id.* at 3, 4, 6, and 7).

**ARGUMENT**

Federal Rule of Evidence 702 sets forth the test for determining the admissibility of proposed expert testimony, and states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact at issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the fats of the case.
>
> (Fed. R. Evid. 702).

## I. Dr. Biery is Qualified to Testify as to those Opinions of his Properly Identified in ISCO's Motion.

Dr. Biery has a B.S, a M.S., and a Ph.D. in Materials Science and Engineering, which encompasses the study of metals, plastics, ceramics, and other engineering materials. (See Dr. Biery's Professional Resume attached hereto as Exhibit C. Also, see the Affidavit of Dr. Biery

attached hereto as Exhibit D). Joining of HDPE pipe is a materials science topic. (See Exhibit D). Dr. Biery's coursework in his degree programs, as well as portions of his work since, have included polymeric materials such as HDPE along with metallic and ceramic materials. *Id.*

From a comprehensive review of Dr. Biery's Report, it is clear Dr. Biery is of opinion that the lack of appropriate care and oversight, both in planning and preparing for the use of the HDPE pipe at Exxon's Joliet Refinery, as well as during the installation, resulted in the occurrence at issue in this litigation, and not the fusing of a defective pipe joint. (See Exhibit B). To that end, Dr. Biery has not presented himself as an expert in the details of HDPE pipe fusion, nor do his opinions rely on such expertise. (See Exhibit B). His opinions draw from his experience and knowledge of pipelines and pipeline codes, and rely on his ability to read and interpret the codes applicable to this Project, to review and understand the voluminous documentation regarding the temporary HDPE piping project at ExxonMobil's Joliet Refinery, and on his understanding of the fundamentals of materials science and engineering, all of which support his opinions identified in ISCO's Motion. (See Exhibit B, pp. 8-13, and 15-16). Accordingly, the case law extensively cited in ISCO's Motion is inapplicable here, as ISCO has not alleged that Dr. Biery is not qualified to interpret the applicable engineering codes governing the pressure capacity, wall thickness, or fusion procedures for pipe, such interpretations which form the basis for his underlying opinions. *Id.*

## II. Dr. Biery's Opinion that ISCO Provided Guidance Regarding Pressure Capacity and Wall Thickness that did not Match the Requirements of ASME B31.3 was Formulated Based Upon the Application of Uncontested Data to Mathematical Formulas and Generally Accepted Engineering Principles, and Therefore, is Proper Under Fed. R. Evid. 702.

Dr. Biery's opinion that the guidance provided by ISCO regarding pressure capacity and wall thickness did not match the requirements set forth in ASME B31.3, the controlling code for

this Project, is factual and based on the application of the equations and design stresses identified in the ASME B31.3 to the facts at issue in this case. (See Exxon's Amended Answers to Amex's Requests for Admission attached hereto as Exhibit E, pp. 10-15. Also, see Exhibit B, p. 12).

In Exxon's Amended Answers to Amex's Request for Admission, Request No. 33, Exxon was asked to admit that "Exxon determined the thickness of the high density polyethylene pipe installed and/or fabricated by Amex on the Project." (See Exhibit E, pp. 10-11). In response to that Request, Exxon stated that "ExxonMobil employed Ambitech Engineering to draft the design plans. ExxonMobil did not provide to Ambitech Engineering a pre-design transmittal specifically designating the wall thickness of the HDPE pipe to be used. *Rather, Exxon believes that ISCO made an initial wall thickness recommendation to Ambitech Engineering based on refinery operating characteristics.*" (*emphasis added*) *Id.* Moreover, it is well documented that ISCO, in fact, made that recommendation to Exxon, as evidenced by correspondence from Dudley Burwell to Bernie Gunn dated April 21, 2004. (See Correspondence from Dudley Burwell to Bernie Gunn dated April 21, 2004, attached hereto as Exhibit F).

Further, Dr. Biery explained in his Report that the pipe recommended by Dudley Burwell from ISCO for use on the Project did not satisfy the requirements set forth in ASME B31.3. (See Exhibit B, p. 12). To that end, Dr. Biery included the equations he relied upon in formulating that opinion, and his file was provided to the parties at his deposition so that those calculations could be verified. (See Exhibit B, pp. 9-12). Moreover, Dr. Biery expanded on that opinion in the "Analysis" portion of his report, opining that ISCO should not have provided guidance regarding the appropriate pipe for the project without understanding what piping design code

was being used, or should have characterized the guidance by referencing a design code. (See Exhibit B, p. 21).

Accordingly, whether or not ISCO was aware that ASME B31.3 applied to the Project, as ISCO contends in its Motion, is a question of fact to be resolved at trial, and such an unsupported assertion by ISCO in its Motion is insufficient to strike Dr. Biery's well-supported expert opinion.

**III. Dr. Biery's Opinion that ISCO Provided and is also Responsible for the Inadequacies and Deficiencies of the Bonding Procedure Specification, Operator Training, and Qualification was Formulated Based Upon the Application of Uncontested Facts, ISCO's Fusion Manual, Standardized HDPE Fusion Procedures, and Applicable Engineering Codes.**

There is no argument that ISCO provided the bonding procedure specification, the bonding operator training, and qualified the bonding operators, even providing certificates for each bonding operator, on the Project. (See Exhibit E, pp. 14-16). Being responsible for these activities, Dr. Biery correctly opines that ISCO bears some responsibility for their quality. (See Exhibit B, pp. 15-16). That is to say that it is Dr. Biery's position that if it is ultimately determined that Amex failed to understand and correctly implement the fusion procedure as taught to its employees by ISCO, and that his failure was the cause of the defective weld, then it may fairly be concluded that the training and qualification provided to Amex's employees by ISCO was inadequate. (See Exhibit B, pp. 15-16). This opinion and the arguments in support of it do not rely on specialized training or expertise in the bonding of HDPE pipe, but instead, as explained in Dr. Biery's Report, on his review of Tom Pumnea's and Pat Daly's deposition testimony, and ISCO's fusion manual, in light of the requirements for such bonding procedures, as set forth in ASME B.31.3, ASTM D 2657, and Exxon's Strathcona Refinery report. *Id.*

Further, subsequent to his deposition Dr. Biery received and reviewed a copy of Mr. David Holman's testimony. (See Exhibit D). Although Mr. Holman's testimony indicates that the training he provided to Amex's employees was consistent with ISCO's fusion manual, Dr. Biery maintains his opinion as expressed in his Report that "ISCO provided and is also responsible for the inadequacies and deficiencies of the Bonding Procedure Specification, training for the Amex bonding operators, and qualification of the Amex bonding operators." *Id.*

## CONCLUSION

For the reasons set forth above, and as more fully explained and outlined in Dr. Biery's Report, Dr. Biery's opinions identified in ISCO's Motion were formulated in reliance upon the application of generally accepted engineering principles, codes, and procedures to the data at issue in this litigation, as reviewed extensively by Dr. Biery. As such, those opinions of Dr. Biery satisfy all three elements identified in Federal Rule of Evidence 702 and are proper.

**WHEREFORE**, the Defendant, AMEX CONSTRUCTION COMPANY, INC., an Illinois corporation, prays that the Court enter an Order denying Third Party Defendant, ISCO INDUSTRIES, LLC's, Motion to Strike the Testimony of Amex Expert Nicholas Biery.

Respectfully submitted,

SmithAmundsen LLC

s/Dennis J. Cotter
One of the Attorneys for Defendant,
Amex Construction Co., Inc.,
an Illinois Corporation

Dennis J. Cotter, 6190099
David A. Johnson, 6184135
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, IL 60601
(312) 894-3200
(312) 894-3210 Fax